PROGRESSIVE KNITTING WORKS, INC., Appellant, *v.* STEP-IN-ALL UNDERWEAR CORPORATION, Respondent.

First Department, April 19, 1929.

*Leopold Blumberg*, for the appellant.

*Joseph A. Arnold* (appearing specially for the purpose of the motion to vacate), for the respondent.

PROSKAUER, J. Plaintiff appeals from an order vacating a warrant of attachment and service of the summons and complaint upon the ground that timely service of the summons was not made

in accordance with the provisions of the Civil Practice Act. It is conceded that a summons was served without the State within the time fixed by the statute. The order appealed from was made on the ground that this service was invalid. The service was made pursuant to an order for service by publication under section 232 of the Civil Practice Act.

The validity of the order of service by publication is first attacked on the ground that there is no sufficient showing in the affidavit upon which it was granted that the plaintiff would be unable with due diligence to make service of the summons within the State. It is alleged affirmatively in the affidavit, however, that the defendant is a foreign corporation maintaining its office in Massachusetts and that it has no office or factory within the State of New York. These allegations adequately support the conclusions sworn to that " the plaintiff will be unable with due diligence to serve the summons herein on the said defendant." The respondent urges that some officer of the corporation might be found temporarily sojourning within the State and service might thus be effected on him. But it sufficiently appears that the corporation itself was not doing business in this State and could not be found within the State.

The only other criticism of the validity of the order of publication which merits discussion is that it does not sufficiently appear that a warrant of attachment was issued and actually levied. The affidavit recites in terms that the warrant was issued and a levy made upon property in New York county. The respondent contends, however, that it has sufficiently shown by affidavits on the present motion that no such levy was made. The sheriff levied the warrant upon a firm of factors in New York city, to whom defendant assigned accounts receivable as collateral security for loans. There was apparently an equity in the account. The respondent asserts that this equity had been assigned to the wife of one of the officers of the defendant corporation and the sister of an officer of the corporation as collateral security for a loan of $3,200 and " to cover any liabilities incurred through endorsements and purchases made for us." There is still an apparent equity in the account with the factors over and above this $3,200. The Court of Appeals has affirmatively held in Clements v. Doblin (239 N. Y. 526, 527) that the interest of a consignor in merchandise and accounts pledged with a factor is subject to the levy of an attachment. That interest would be subject to a levy even if it had been diminished by a further assignment as collateral. It is in the nature of things impossible for a plaintiff to take the burden of an accounting in an affidavit upon which an order of publication is sought, and we think that no such burden should be placed upon a plaintiff. If the defendant has effectually

divested itself of all interest in the assigned accounts, there is nothing to which the judgment in this State can attach.

As we hold the order of publication to be valid, it is unnecessary to discuss the validity of the service under section 235 of the Civil Practice Act.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendant to appear generally and to answer within twenty days upon payment of said costs.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to appear generally and to answer within twenty days upon payment of said costs.